# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BEATRICE BAILIN, an individual   )
)
　　　　　　　　Plaintiff,   )   Case No.: 2:14-cv-00678-GMN-PAL
　vs.   )
)   **ORDER**
SELECT PORTFOLIO SERVICING, INC., a   )
Utah corporation   )
)
　　　　　　　　Defendant.   )
)

Pending before the Court is the Motion to Dismiss (ECF No. 15) filed by Defendant Select Portfolio Servicing, Inc. ("Defendant"). Beatrice Bailin ("Plaintiff") filed a Response (ECF No. 16), and Defendant filed a Reply (ECF No. 17). For the reasons discussed below, the Motion to Dismiss will be **GRANTED in part** and **DENIED in part**.

## I.　BACKGROUND

This case arises out of foreclosure proceedings against Plaintiff's property located at 3721 White Lion Lane, Las Vegas, Nevada (the "Property"). (Am. Compl. ¶ 10, ECF No. 11). As a result, Plaintiff brought this action for damages arising from Defendant's alleged violations of the Fair Debt Collection Practices Act (the "FDCPA") and the Nevada Deceptive Trade Practices Act (the "NDTPA"). (*Id.* ¶ 1). Plaintiff alleges that she is a consumer with a past due consumer debt, and that Defendant is a debt collector under the FDCPA. (*Id.* at ¶¶ 5–8).

On May 24, 2007, Plaintiff executed a promissory note for the purchase of the Property in the amount of $466,400 (the "Note"). (*Id*. ¶¶ 10–11). Plaintiff allegedly defaulted on the Note on June 1, 2009. (*Id*. at ¶ 13). The servicing of the Note was transferred to Defendant on February 16, 2013. (*Id*. at ¶ 14).

On June 17, 2013, Plaintiff filed a lawsuit in Clark County District Court against Defendant regarding Defendant's efforts to foreclose on Plaintiff's property. (*Id.* ¶ 15). On December 12, 2013, that lawsuit was dismissed. (*Id.* ¶ 17). According to Plaintiff, since the dismissal of that lawsuit, Defendant has called Plaintiff directly multiple times per day—an average of seven times per day—and contacted the Plaintiff in writing, all in connection with the collection of the Note. (*Id.* ¶¶ 18–19, 26). Plaintiff further asserts that Defendant, a Utah corporation, is not licensed in Nevada as a collection agency. (*Id.* ¶ 20).

Plaintiff filed the Complaint in this Court on May 01, 2014. (ECF No. 1). On March 19, 2015, Plaintiff filed a Request for Entry of Clerk's Default (ECF No. 9), and Defendant filed a Motion to Dismiss (ECF No. 10). Plaintiff subsequently filed an Amended Complaint as a matter of right. (ECF No. 11). In the Amended Complaint, Plaintiff sets forth three claims for relief: (1) Violation of the FDCPA under 15 U.S.C. § 1692(d)(5); (2) Violation of the FDCPA under 15 U.S.C. § 1692c(a)(2); and (3) Consumer Fraud in violation of the NDTPA. (*Id.* ¶¶ 24–46).

Defendant filed the instant Motion to Dismiss (ECF No. 15), incorporating the arguments from its original Motion to Dismiss (ECF No. 10), which this Court will analyze. Further, Plaintiff's Motion for Entry of Clerk's Default (ECF No. 9) and Defendant's original Motion to Dismiss (ECF No. 10) are denied as moot.

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

Defendant argues that Plaintiff's claims should be dismissed for the following reasons: (1) Defendant is not a debt collector within the scope of the FDCPA, nor the NDTPA; and (2) no private cause of action exists for the enforcement of the licensing provisions of the NDTPA. (Mot. Dismiss 3:19–23, ECF No. 15).

### A. Plaintiff's FDCPA Claims

Defendant argues that it is not a "debt collector" under the scope of the FDCPA. (Mot. Dismiss 3:19–23, ECF No. 15). The FDCPA defines a debt collector as "any person ... who regularly collects or attempts to collect ... debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector" does not include:

> [A]ny person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity

        ... (ii) concerns a debt which was originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6)(G).  While this Court has previously held that "[t]he legislative history of section 1692a(6) indicates conclusively that a debt collector does not include…mortgage servicing company[ies]," this holding only applies "*as long as the debt was not in default at the time it was assigned*." *Morris v. Green Tree Servicing, LLC*, 2015 WL 4113212, at *16 (D. Nev. July 8, 2015) (emphasis added).

    Here, Plaintiff alleges that she "allegedly defaulted on the Note on or about June 1, 2009." (Am. Compl. ¶ 13).  Plaintiff further alleges that, "[s]ubsequent to PLAINTIFF'S alleged default on the Note, on or about February 16, 2013, the servicing of the Note was allegedly transferred to DEFENDANT."  Thus, because the Note was allegedly in default at the time it was assigned to Defendant, Defendant could qualify as a "debt collector" under the FDCPA.

    Defendant also alleges that Plaintiff's FDCPA claims fail as a matter of law because "[t]he FDCPA specifically excludes foreclosure of a Deed of Trust from its purview because it is not an attempt to collect funds from a debtor." (Reply 7:17–19, ECF No. 17).  However, Plaintiff's FDCPA claims are not premised on Defendant's foreclosure but rather, Defendant's repeated telephone calls in connection with the collection of the Note and Defendant's direct contact with Plaintiff despite Plaintiff's representation by counsel. (Am. Compl. ¶¶ 24–36). Accordingly, for the reasons discussed above, the Court denies Defendant's Motion to Dismiss as to Plaintiff's FDCPA claims.

    **B.  Plaintiff's NDTPA Claim**

    Defendant contends that Plaintiff's NDTPA claim fails because, "[p]ursuant to NRS 649.051, any violation of Chapter 649 is enforced solely by the Commissioner of Financial

Institutions." (Reply 9:3–4).  Plaintiff alleges consumer fraud arising from deceptive trade practices because Defendant was not licensed to do business in Nevada pursuant to NRS § 649.075.  "An action may be brought by any person who is a victim of consumer fraud." To sustain a cause of action for consumer fraud, a plaintiff must prove that "(1) an act of consumer fraud by the defendant (2) caused (3) damage to the plaintiff." NRS § 41.600(1); *Picus v. Wal–Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009).  "Consumer fraud" includes "[a] deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive." NRS § 41.600(2)(e).  Under Nevada law, conducting business without all required state, county, or city licenses amounts to a deceptive trade practice. NRS § 598.0923(1).

However, the Courts of this District have routinely held that the NDTPA does not apply to most real estate loan transactions. *See, e.g., Morris v. Green Tree Servicing, LLC*, No. 2:14-CV-01998-GMN, 2015 WL 4113212, at *15 (D. Nev. July 8, 2015); *Kawahara v. Kennedy*, No. 314-CV-00012-MMD-WGC, 2015 WL 789744, at *5 (D. Nev. Feb. 25, 2015); *Dowers v. Nationstar Mortgage LLC*, No. 2:14-CV-1679 JCM PAL, 2014 WL 7409513, at *4 (D. Nev. Dec. 31, 2014); *Bartello v. CitiMortgage, Inc.*, No. 2:13-CV-01891-GMN-VC, 2014 WL 1514174, at *7 (D. Nev. Apr. 16, 2014); *Tello v. Bank of Am. N.A.*, No. 2:12-CV-01040-GMN, 2014 WL 99299, at *5 (D. Nev. Jan. 3, 2014); *Reyna v. Wells Fargo Bank, N.A.*, 2011 WL 2690087, at *9 (D. Nev. July 11, 2011).

Likewise, the Nevada Supreme Court has applied the NDTPA to a real estate transaction only once, in *Betsinger v. D.R. Horton, Inc.*, 232 P.3d 433, 436 (Nev. 2010).  In *Betsinger,* the plaintiff negotiated to buy a home from the defendant, a developer. *Id.* at 434.  As part of the incentive to buy, the developer's financing division offered plaintiff a 4.6% interest rate on his mortgage. *Id.*  Then, after the plaintiff paid a deposit and the contract was formed, the financing division switched the interest rate to 6.5%. *Id.*  In response, the plaintiff cancelled the purchase contract, but the defendants failed to return his deposit. *Id.*  The Nevada Supreme Court upheld

the jury's finding that the developer had engaged in deceptive trade practices. *Id.* at 436.

The facts of the present case are clearly distinguishable from those of *Betsinger*. Plaintiff is not purchasing a house, and Defendant is not selling one. There is no allegation that Defendant engaged in any bait-and-switch tactics. Plaintiff does not accuse Defendant of withholding a deposit. The only commonality between the two cases is that a mortgage was involved. Since the *Betsinger* exception does not apply, the NDTPA does not apply to the facts of this case. Accordingly, Plaintiff's NDTPA claim is dismissed with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 15) is **GRANTED in part** and **DISMISSED in part**. Accordingly, Plaintiff's NDTPA claim is dismissed with prejudice. However, Defendant's Motion to Dismiss is denied as to Plaintiff's FDCPA claims.

**DATED** this 7th day of August, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court